IN THE SUPREME COURT OF THE STATE OF KANSAS

Bar Docket No. 29272

In the Matter of TYLER EUGENE BROWN,
*Respondent.*

ORDER OF DISBARMENT

This court admitted Tyler Eugene Brown to the practice of law in Kansas on June 13, 2022. The court administratively suspended Brown's Kansas law license on October 2, 2024, due to his noncompliance with annual requirements to maintain his law license. The court notes that as of the date of this order, Brown had not paid any of the annual registration and continuing legal education fees related to the administrative suspension of his Kansas law license.

Brown now faces a Kansas disciplinary complaint, and the parties jointly move the court to accept Brown's voluntary surrender of his Kansas law license under Supreme Court Rule 230(a) (2024 Kan. S. Ct. R. at 287). In support, the parties agree that Brown's misappropriation of funds from an international labor union commonly referred to as "the Boilermakers Union" constitutes grounds for disciplinary action under the Kansas Rules of Professional Conduct (KRPC). Specifically, they agree that Brown's actions violate KRPC 8.4(b) (2024 Kan. S. Ct. R. at 430), which provides "[i]t is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

This court grants the parties' joint motion, accepts Brown's voluntary surrender of his law license, disbars Brown under Rule 230(b), and revokes Brown's license and privilege to practice law in Kansas.

This court further orders the Office of Judicial Administration to strike the name of Tyler Eugene Brown from the roll of attorneys licensed to practice law in Kansas effective the date of this order.

The court notes that under Rule 230(b)(1)(C), any Kansas disciplinary case pending against Brown terminates effective the date of this order. The Disciplinary Administrator may direct an investigator to complete any pending investigation to preserve evidence.

Finally, the court directs that this order be published in the Kansas Reports, that the costs herein be assessed to Brown under Supreme Court Rule 229 (2024 Kan. S. Ct. R. at 286), and that Brown comply with Supreme Court Rule 231 (2024 Kan. S. Ct. R. at 289).

Dated this 7th day of January 2025.